Moncure, J.
It is a rule of the common law, that during the term wherein any judicial act is done the record remains in the breast of the judges of the court and in their remembrance, and therefore the roll is alterable during that term as the judges shall direct; but when that term is past, then the record is in the roll and admits of no alteration, averment or proof to the contrary. 3 Tho. Co. Lit. 323, 1 Rob. Pr. 638 (old). The consequence of this rule, until altered by statute as herein after mentioned, was that no execution could be issued on a judgment until the end of the term at which it was rendered; at least, unless directed by the court to be issued at an earlier period, for special cause. By the act of 1 Rev. Code 1819, p. 508, § 79, it was enacted, that “ all judgments by default obtained in the office for want of appearance or plea, in which no writ of enquiry shall be awarded, and which shall not be set aside on some day of the next succeeding term; and all non-suits and dismissions obtained in the office, and not so set aside, shall be considered as final judgments of the last day of the term; and executions may issue thereupon accordingly.” However long the term might last, such office judgments did not become final until the last day thereof; and no executions could issue thereon, even by the express order of the court, until the end of the term.
Such was the state of the law on the 6th day of March 1834, when an act was passed reciting, that “ whereas the protracted session of the Circuit superior court of Henrico, on account of the chancery business thereof, subjects parties who have obtained judgments on the common law side of the said court, to considerable inconvenience, from the delay of issuing executions on their said judgments until the close of the court,” and enacting, “that it shall be lawful for the judge of the said court, by an order to be entered *67 on the records of said court, on the sixteenth juridical day after the said court shall have commenced its session for the trial of civil causes, at each term thereof, to direct that executions may issue on judgments rendered on or before the said sixteenth day of said term, and that all office judgments, non-suits or dismissions obtained in the office and not set aside, on or before the sixteenth day of the said term, shall be considered as final judgments of the said sixteenth day, and executions may issue thereupon accordingly: provided, that nothing herein contained shall deprive the court of the right heretofore exercised, of directing executions to issue at an earlier period, for special cause.” Sess. Acts 1S33-4, p. 69, ch. 46, <§> 2.
On the 15th day of March 1836, an aet was passed containing a similar provision in regard to the Circuit superior court of law and chancery for the county of Spotsylvania, except that it adopts the fifteenth instead of the sixteenth juridical day of the term. Acts 1835-6, p. 36, ch. 50, § 3. By section 10 of that act, a change was made of the said act of March 6th, 1834, substituting the twenty-fourth for the sixteenth day of the term in regard to the county of Henrico.
Thus stood the law when the present Code was enacted, which applies to this case, and contains the following provisions on the subject:
P. 652, ch. 171, § 44. “ Every judgment entered in the office in a case wherein there is no order for an enquiry of damages, and every non-suit or dismission entered therein shall, if not previously set aside, become a final judgment, if the case be in the General or a Circuit court, of the last day of the next term, or the fifteenth day thereof (whichever shall happen first); and if it be in a County or Corporation court, of the last day of the next quarterly term, and have the same effect by lien or otherwise as a judgment rendered in the court at such term,” &c.
*68 § 45. “ If a defendant against whom judgment is entered in the office shall, before it becomes final, appear and plead to issue, it shall be set aside, unless an order for enquiry of damages has been executed; in which case it shall not be set aside without good cause. Any such issue may be tried at the same term, unless the defendant show good cause for a continuance.”
P. 674, ch. 177, § 21. “ Any court, after the fifteenth day of its term, may make a general order allowing executions to issue on judgments and decrees, after ten days from their date, although the term at which they are rendered be not ended. For special cause it may, in any particular case, except the same from such order, or allow an execution thereon at an earlier period.”
Under these provisions of the Code, the fifteenth day of a term of a Circuit court which consists of more than fifteen days, is, in effect, the last day of the term as to cases on the office judgment docket in which there is no order for an enquiry of damages, and in which the office judgment shall not have been set aside on or before that day. The office judgment in such cases becomes as final, to all intents and purposes, on that day, as if it were in fact the last day of the term. The court has no more power over it on a subsequent day of the term than at a subsequent term, and a motion to set it aside would be just as much coram non judice in the one case as the other. It has all the properties of a final judgment. An execution may forthwith be issued upon it, without any order of court, general or special, for that purpose. It can be corrected, set aside or reversed, only by proceedings in error in the same or a higher court. If the defendant has been taken by surprise, and has just ground for relief against the judgment, he can obtain it only in a court of equity.
That this is the true construction of the law, is *69 plainly indicated both by its letter and its spirit. The law expressly declares, that every judgment entered in the office, &c. shall “become a final judgment of the last day of the next term, or the fifteenth day thereof, whichever shall happen first;” thus putting the two days upon precisely the same footing in regard to office judgments which become final on one or the other. And it further expressly declares, that such judgment shall “have the same effect, by lien or otherwise, as a judgment rendered in the court at such term.” The act of March 6, 1834, in which, as we have seen, the provisions of the Code on the same subject have their origin, expressly declared that office judgments, &c. not set .aside on or before the sixteenth day of the term, “shall be considered as final judgments of the said sixteenth day, and executions may issue thereupon accordingly.” Thus using the same language which had been used in 1 Rev. Code 1819, p. 508, § 79, which declared that office judgments, &c. not set aside during the term, “ shall be considered as final judgments of the last day of the term, and executions may issue thereupon accordingly.” It would be difficult to place a different construction upon the same words occurring in these two laws in pari materia. There can be no doubt about the construction of the act of 1819, and it would seem there ought to be none about the construction of that of 1834, or of the provisions of the Code.
Again : The preamble of the act of 1834 sheds light upon the meaning of the legislature, and supports the above construction. It recites the mischief designed to be remedied by that act, to wit, the great inconvenience to which parties were subjected by the protracted session of the Circuit superior court of Henrico, on account of the chancery business thereof, from the delay of issuing executions on their judgments until the close of the court.
*70 This construction not only conforms to the letter and spirit of the law, but is reasonable and convenient also. The first fifteen days of a term of a Circuit court consisting of a greater number of days, certainly afford ample time for setting aside office judgments upon plain bonds or notes in writing, and much more than is generally afforded for that purpose, as the terms of the Circuit courts are rai’ely of so great length. They are usually longer in some counties and corporations; and especially in the city of Richmond, where, as appears from this record, a term is sometimes of more than three months’ duration. Would it be reasonable or convenient that an office judgment, which becomes final on the fifteenth day of the term, and on which an execution may immediately thereafter be issued, should be liable to be set aside on motion at any time during the term, however long it may be continued ? Is it not much more reasonable and convenient that the defendant in such case should be concluded of all relief against the judgment, except by a proceeding in error or in equity ? In the former case, the plaintiff might be unjustly deprived of the lien of his judgment and execution, without any indemnity whatever; whereas in the latter, the lien of the judgment, so far as he may be entitled to it, is preserved to him, and he is generally indemnified against ultimate loss, by a supersedeas or an injunction bond.
This case affords a striking illustration of the inconvenience and injury which might result from the former course. Here the office judgment became final on the 27th of November 1855. The execution issued on the 22d of December, and went into the sheriff’s hands on the 18th of January, and was levied: And not until the 8th day of March following, more than three months after the final judgment, was a motion made to set it aside, on the ground of surprise!
*71 But it is said that the legislature, in making office judgments final on the fifteenth day of a term if not set aside on or before that day, only intended to place them upon the same footing with judgments rendered in court | and that as the latter may be set aside on motion, for good cause shown, on any subsequent day of the term at which they are rendered, so may the former. If this were true, it would only show an incongruity in the law. But the legislature has guarded against such an incongruity, by providing that any court, after the fifteenth day of its term, may make a general order allowing executions to issue on judgments and decrees after ten days from their date, although the term at which they are tendered be not ended. Code, p. 674, § 21. The effect of this provision, and the general order which may be made in pursuance of it, is to make all judgments rendered in court final whenever execution is capable of being issued thereon, although the term at which they were rendered be not ended. A capacity to issue execution on a judgment at law implies its finality, unless there be something to repel the implication in the terms of the law which gives the capacity. There is nothing to repel it in the terms of the law in question. Judgments rendered in court, which thus become final after ten days from their date, then possess all the attributes of finality, and stand on the same footing with office judgments after they become final on the fifteenth day of the term, as aforesaid. In neither case has the court, as a court of original jurisdiction, any power over its judgments after they have thus become final.
I am therefore of opinion that the Circuit court had no power to make the order of the 8th day of March 1856, setting aside the office judgment made final in this case on the 27th day of November 1855, and that the said order is void.
*72 But it may be said that if the order be void, there can be no occasion to reverse it, and at all events, that the order being interlocutory and not final, the supersedeas thereto has been prematurely and improvidently awarded, and must therefore be dismissed.
There might be some force in this objection, if the order had merely been to set aside the judgment. But it proceeded further, and quashed the execution: And though the court had no power, as a court of original jurisdiction, over the judgment, it had such power over the execution. A court must see to the execution of its judgments, and may order an execution to be issued, or quash one which has been issued. This is its judicial power, which of course it must exercise properly, and its orders in the exercise thereof are subject to the revision of an appellate court. The order to quash the execution in this case, being within the judicial power of the court, is an obstruction which the plaintiffs are entitled to have removed out of their way, in order that they may have execution of their judgment. And they are not bound to wait for that purpose until the case upon the order to set aside the judgment is finally disposed of in the court below. The order quashing the execution is a final order, and the supersedeas thereto was not prematurely awarded. This court therefore has jurisdiction of the case. And the order to set aside the judgment and quash the execution being one entire order, and the quashing of the execution being in consequence of the order to set aside the judgment, this court can properly, I think, revise and reverse the entire order, notwithstanding the interlocutory character of a part of it which is void.
The view which I have taken of the case renders it unnecessary .if not improper to express an opinion upon the question, whether the defendant in error made out such a case in the court below as would have entitled him to have the judgment set aside if that court had *73 had jurisdiction to make the order for that purpose. If he is'entitled to be relieved against the judgment on the grounds relied on by him in the court below, he can obtain such relief only in a court of equity.
I am therefore of opinion that the said order of the 8th of March 1856 is erroneous, and ought to be reversed with costs, and that the motion of the said defendant in error ought to be dismissed with costs.
The other judges concurred in the opinion of Moncure, J.
Judgment reversed.