MOJSTCURE), P.,
after stating the case, proceeded as follows: Pour errors are assigned in the judgment, but as the last two are in effect but repetitions of the first and second respectively, or at all events may be disposed of in disposing of them, the latter only need be noticed. They are:
1st. The execution upon the first judgment expired before the day named in the bond for the delivery of the property ; the sheriff, therefore, could not legally receive it on that day, and the bond was consequently void, and no judgment could legally be rendered upon it.
2dly. The court, having rendered one judgment upon the bond, could not set aside that judgment without notice to the defendants, nor could it quash the execution without such notice.
In regard to the first error assigned, it will not be necessary to say much. The sheriff could legally receive the property on the day of sale named in the forthcoming bond, though that day was after the return day of the execution, and the bond was not, therefore, void. The execution of a writ of fieri facias is an entire thing, and having been commenced but not completed by the ’sheriff to whom it is directed before the return day, it is his duty to complete the execution afterwards. 1 Rob. Pr. old ed. 529, 530, 532; Dix v. Evans, 3 Munf. 308; Wheaton v. *Sexton’s lessee, 4 Wheat. R. 503; 2 Tuck. Com. 362, 370. He may sell after the return day of the writ, even after he is out of office, and without a writ of venditioni exponas. Sewell on Sheriff 253, and cases cited in note (x) ; 46 Law Eibrary 194. The writ commands him to cause the money therein mentioned to be made of the goods and chattels of the defendant. It is his duty, if the money be not paid, to levy the writ oh the goods and chattels of the defendant, or so much thereof as may be necessary, and sell them for its satisfaction. He cannot levy the writ after the return day, but he may' do so at any time on or before that day after it comes to his hands for execution. Code ch. 170, fj 2, p. 706. It often happens that, after making a levy, he has not time to make a sale before the return day. JSTo such sale can be made without at least ten days’ previous notice. Code ch. 49, $ 37, p. 286. And if the goods and chattels levied on be slaves, mules, work-oxen or horses, they are required by the next section (38, p. 287), to be sold at the courthouse of the county or corporation,. and on the first day of the term of the court thereof next succeeding that at which they may be advertised, except where the parries shall, at or before the time for advertising the same, in writing, authorise the officer to dispense with the provisions of this section; in which case the sale shall be according to the preceding section. *602 Thus the daj of sale may be a month or more after the return day of the writ. And if the defendant give a forthcoming bond, as he generally may, under the Code ch. 189, 11, p. 780, the condition of it is for the forthcoming of the property at the day and place of sale, whether that day be before or after the return day of the writ. In either case, he has a right to perform the condition of his bond by having the property forthcoming accordingly, and the sheriff is bound to receive it.
In regard to the second error assigned. The first j udgment ^rendered on the forthcoming bond was clearly erroneous, having been rendered before the day named in the notice, without the consent of the defendants, or any appearance by or for them. They might have had it reversed by a proceeding in error commenced at any time within the term of limitation prescribed by law in such cases. As they had that right, and might avail themselves of it, the plaintiff could not rely upon the judgment, though apparently in his favor, unless the defendants would release all errors in it, in which case the plaintiff would have no cause to complain of it, and would of course be satisfied. The defendants did not release such errors, and the plaintiff had no reason to believe that they would do so. He was, therefore, aggrieved by the judgment which stood in his way; and he had a right to have it set aside and removed out of his way by a proceeding in error instituted by himself. The judgment being by default, the court which rendered it had jurisdiction to set it aside, and to do so on motion, under the Code ch. 181, § S. If the judgment was properly set aside, the execution thereon of course fell with it, and would have so fallen without an express order to quash the execution. Of course the court might make such an order, and the Code ch. 187, § 23, p/776, expressly affirms the right of the court on motion to do so, if such affirmation 'Were necessary.
The court, therefore, had jurisdiction to make the order of the 1st day of August, 1867, setting aside the said judgment and quashing the execution thereon. To be sure the statute requires notice to be given to the adverse party, as well in a proceeding to reverse a judgment under ch. 181, § S, as in a proceeding to quash an execution under ch. 187, $ 23; but the notice required in either case is reasonable notice only, and not notice for a certain period of time. It appears, in this case, that the defendants had notice of the motion to set aside the judgment *and quash the execution, having appeared by their attorney upon that motion; and it does not appear that it was not reasonable notice, nor that any objection was made to it because it was not reasonable, or on any other ground. Had it been objected to because it was not reasonable, doubtless an opportunity would have been afforded the defendants, if necessary, by a continuance of the motion, or by requiring a new notice, to make any efence they might have had to the motion. But it is difficult to conceive what defence they could have made to it; and the assertion of such a defence would seem of necessity to involve a release of errors in the judgment. Had they offered to give such a release, the plaintiff, as was well said by his counsel in the argument of this case, would no doubt have asked the court to overrule his own motion. The defendants had their choice, to release the errors in the first judgment and let it stand, and thus defeat the motion for another judgment, at least against the defendants J. P. Ballard and J. B. Watkins, against whom only the first judgment was rendered; or to let that judgment be set aside, and make their defence, if they had any, on the motion for another judgment, of which motion they had due legal notice. They did let the first judgment be set aside, or at least they do not appear to have made any de-fence against the motion to set it aside, and it was accordingly set aside “for reasons appearing to the court,” though it is stated in the order that the parties appeared by their attorneys. But the defendants made no defence to the motion for another judgment, except upon the ground that the former judgment had been rendered, though it had been set aside as aforesaid. They made no other defence, doubtless because they had no other to make; but wished to avail themselves of the proceedings which had occurred in regard to the former judgment, not *because it is a valid judgment and ought to stand, but merely for the purpose of delay.
I have not reviewed in detail the many authorities cited and commented upon the learned counsel for the defendant in error, because I thought it unnecessary to do so for the decision of this case. They seem to sustain the positions in support of which they were cited. As — 1st. That the notice for the second motion was good and valid, notwithstanding the existence of an invalid and illegal judgment previously entered on the same bond. 1 Chit. Pl. 7th Am. ed. pp. 523-4; Green v. Watts, 1 Ld. Ray. R. 274; Knight’s case, 2 Id.. 1014; S. C. 1 Salk. 329; Croswell v. Byrnes, 9 John. R. 287, 290; Dyer 32a, pl. 5, 6; Jenk. Cent. 74 pl. 40; 4 Heigh 58; Archer v. Ward, 9 Gratt. 622. 2dly. That a writ of error “may be brought by the plaintiff to reverse his own judgment, if erroneous or given for a less sum than he has a right to demand in order to enable him to bring another action.” 2 Wins. Sauud. 101f, citing Johnson v. Jebb, 3 Burr. R. 1772. 3dly. That if the plaintiffs in error have sustained no injury by the want of notice, and could not possibly have sustained any, they certainl3r are not entitled to reverse upon that ground the order setting aside the judgment and quashing the execution. Preston v. Harvey, 2 Hen. & Mun. 55; 64, 5; 66, 7; Pitman v. Breckinridge, &c., 3 Gratt. 127; Crawford v. Morris, 5 Id. 90; Hughes v. Stickney, 13 Wend. R. 280; and, 4thly. That the defendants in the Circuit Court, by appearing (as their own bill of exceptions *603 shows they did) in opposition to the motion to set aside the erroneous judgment and quash the execution upon it, without making any objection to that motion upon the ground oí failure to give them notice of it, must be held to have waived the notice, and cannot now be heard to make the objection. Ayres v. Lewellin, 3 Leigh 609; Poling v. Johnson, 2 Rob. R. 285; Pulliam, *&c., v. Aler, 15 Gratt. 54; Muire v. Falconer, &c., 10 Id. 12.
In the foregoing opinion I have not adverted to the fact that the order setting aside the first judgment was made during the same term of the court, because having been made after the 15th day of the term, and after an order had been made awarding an execution on the judgment, it might be contended that the term, in effect, was ended as to that judgment when the order was made to set it aside, according to the decision of this court in Enders’ ex’ors v. Burch, 15 Gratt. 64. Nor have I noticed what was said in the argument against the correctness of that decision. I have not deemed it necessary to do so, because, conceding that the order setting aside the first judgment was made at a different term of the court, I still think it was properly made.
I am of opinion that there is no error in the judgment, and that it be affirmed.
The other judges concurred in the opinion of Moncure, P.
Judgment affirmed.