# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## BAKER v. SWINEFORD.

### JUNE 15, 1899.

Absent, Harrison, J.

1. JUDGMENTS.—*Finality During the Term—Power to Issue Executions Under Section 3600 of Code.*—At common law no judgment became final until the end of the term at which it was rendered, regardless of the duration of the term, and until final no court could direct an execution to issue on it. Section 3600 of the Code, however, confers on courts authority to direct executions to issue on judgments under the conditions therein set forth, but such judgments do not thereby become final so as to deprive the court, during the term, of the power to correct, or if need be, annul them, if erroneous.

Error to a judgment of the Law and Equity Court of the city of Richmond, rendered September 29, 1898, in an action of detinue wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*C. W. Throckmorton* and *H. R. Pollard,* for the plaintiff in error.

*M. M. Gilliam* and *John B. Gayle,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

This case is before us upon a writ of error to a judgment rendered by the Law and Equity Court of the city of Richmond, in an action at law wherein Baker was plaintiff and Swineford defendant.

Baker instituted an action of *detinue* to recover certain notes which was so proceeded in that a judgment was rendered for the plaintiff for the property demanded, or its alternate value, which was ascertained to be $1,680, with interest. Fifteen days having elapsed since the beginning of the term at which this judgment was rendered, the court entered an order by virtue of section 3600 of the Code permitting executions to issue on judgments of that term after the lapse of ten days from their date. Mrs. Baker, the plaintiff in error, issued an execution for the alternate value as set out in the judgment obtained by her, whereupon Swineford gave notice of a motion to vacate said judgment. This motion was resisted, but the court entered an order setting aside the judgment, and granting the defendant a new trial, to all of which the plaintiff excepted. At a subsequent trial there was a verdict and judgment for the defendant. During the progress of the second trial exceptions were taken by the plaintiff to certain rulings of the court, but we do not deem them of sufficient importance to merit discussion, and they are not in fact seriously relied upon by plaintiff in error. In any event, they were correctly decided, and we shall pass to the discussion of the controlling question in the case.

It is proper, however, to say one word with respect to the merits of the contention of the plaintiff in error before proceeding to a discussion of the questions of law presented. The action, as we have seen, was instituted to recover certain notes which the plaintiff claimed were in the possession of the defendant, and unlawfully withheld by him. There was no evidence at the first trial of the value of these notes. They are fixed in the verdict of the jury at $1,680. They were in fact only worth the paper upon which they were written, and there is not a particle

of evidence anywhere in the record of either trial to show that the defendant in error had been guilty of any impropriety whatever, or was under any obligation, legal or moral, to pay the plaintiff one dollar on account of their detention.

Did the court have the power to set aside a judgment upon which it had directed execution to issue by virtue of section 3600 of the Code? That section is in the following words:

"Any court, after the fifteenth day of its term, may make a general order allowing executions to issue on judgments and decrees after ten days from their date, although the term at which they are rendered be not ended. For special cause, it may, in any particular case, except the same from such order, or allow an execution thereon at an earlier period."

Upon the part of the plaintiff in error it is contended that, inasmuch as at common law no execution could issue except upon a final judgment, a statute authorizing the issue of an execution necessarily operates to impart the quality of finality to it, so that, if upon the expiration of the fifteenth day of its term a court exercises the power conferred upon it by section 3600 above cited, all judgments upon which an execution is authorized to issue become to all intents and purposes final, and pass beyond the jurisdiction and power of the court. In support of this proposition reliance is placed upon the case of *Enders* v. *Burch*, 15 Gratt. 64. That was a case from the Circuit Court of the city of Richmond upon a judgment vacating an office judgment, and quashing the execution which had issued upon it after the fifteenth day of the term, and it was there held that if the term of a circuit court last more than fifteen days, all office judgments in which no writ of enquiry is ordered become final and cannot afterwards be set aside by the court. This is so by virtue of what is now section 3287 of the Code, which expressly provides that every "judgment entered in the office in a case wherein there is no order for enquiry of damages, and every non-suit or dismission therein, shall, if not previously set aside, become a final

judgment, \* \* \* of the last day of the next term, or on the fifteenth day thereof." In the course of the opinion delivered by Judge Moncure, and concurred in by the three judges who sat with him in that case, it is said that " a capacity to issue execution on a judgment at law implies its finality, unless there be something to repel the implication in the terms of the law which gives the capacity. There is nothing to repel it in the terms of the law in question." (Referring to a statute similar to that now found in section 3600 of the Code.) " Judgments rendered in court, which thus become final after ten days from their date, then possess all the attributes of finality, and stand on the same footing with office judgments after they become final on the fifteenth day of the term, as aforesaid. In neither case has the court, as a court of original jurisdiction, any power over its judgments after they have thus become final."

In the case of *James River & Kan. Co.* v. *Lee,* 16 Gratt. at p. 433, the case of *Enders* v. *Burch, supra,* is referred to by the judge who delivered the opinion, and it was said by him that " two of the judges who united in the decision entertain some doubt as to its correctness, and the court is therefore of opinion that a re-argument of the question ought to be heard whenever it may come up for decision before a full court."

It is plain that the case of *Enders* v. *Burch* called for an opinion with respect to the power of courts over office judgments only, and what fell from the learned judge who delivered the opinion, as to the power of courts, after the fifteenth day of the term, with respect to judgments upon which it permits executions to issue after ten days from that date, was an *obiter dictum,* entitled, it is true, to great respect, but not constituting an authority binding upon us. As a *dictum* its force is impaired by what was subsequently said by the same court in *James River &c. Co.* v. *Lee,* above quoted. We are at liberty, therefore, to consider the question as an open one. It is true that at common law executions issued only upon final judgments. It is also

true at common law that " during the term wherein any judicial act is done the record remains in the breast of the judges of the court and in their remembrance, and therefore the roll is alterable during that term as the judges shall direct; but when that term is past, then the record is in the roll, and admits of no alteration, averment or proof to the contrary." 3 Tho. Co. Lit. 323, cited in *Enders* v. *Burch,* at p. 66.

We have, then, two seemingly antagonistic principles. The statute law has declared that a court may, after the fifteenth day of its term, direct executions to be issued upon judgments after ten days from their date, although the term at which they were rendered be not ended; but observe the dissimilitude between the language used in section 3600 and that employed in section 3287. In the latter section, which applies to judgments in the office, it is expressly declared that they shall become final on the fifteenth day of the term, or on the last day of the term, whichever shall happen first; while section 3600 is silent as to the effect upon the judgment of the execution when issued. It might have said that, upon the issuing of the execution, the judgment should be final; it should have so said if that effect was intended to follow its issue. A statute is to be construed so as to promote the apparent object of the Legislature; so as to advance the remedy intended to be given and diminish the evil it was designed to suppress. At common law no matter how long a term might last, a judgment did not become final until it ended, and the court had no power to direct an execution upon it. The inconvenience and injustice sometimes occasioned by this rule induced the Legislature to provide a remedy. It enlarged the power of the court, and imparted to it an authority which at common law no court possessed. A statute, the manifest purpose of which was to enlarge the power of the court, will not be construed to limit that power unless such a result be unavoidable. There seems no incongruity in so modifying the common law as to permit an execution to issue upon a judgment and at the same time preserving to the court jurisdiction to correct any

error in the judgment during the continuance of the term at which it was rendered. The common law is in force with us except in so far as it has been changed by statute. We have, then, in this case a principle which is firmly imbedded in our system of jurisprudence which greatly promotes justice, if indeed it be not essential to its administration. All courts of whatever degree are liable to err, and it is expedient and wise to afford the amplest opportunity to correct any error or injustice into which they have fallen. Therefore the law in its wisdom has reserved to the courts full power over their records until the term is ended. Until then, in the quaint language of Coke, " the record remains in the breast of the court and in their remembrance, and therefore the roll is alterable during that term as the judges shall direct; but when that term is past, then the record is in the roll, and admits of no alteration, averment or proof to the contrary."

As was suggested in argument, if the contention of plaintiff in error be true, a cautious and conscientious judge would be slow to direct executions to issue and thus place it beyond his power to correct even the most glaring wrong and injustice which he, in the hurry and press of business, had inadvertently committed.

We are of opinion that section 3600 of the Code was designed by the Legislature for the purpose, and has the effect, of conferring upon courts authority to direct executions to issue upon judgments under the conditions therein set forth; but that it was not intended and does not impart to such judgments the quality of finality so as to deprive the court during the term of the power to correct, or if need be, annul an erroneous judgment. Having the power, it is difficult to conceive of a case which could more strongly call for, indeed demand, its prompt exercise than that under consideration, for it would be a lasting reproach upon our jurisprudence if a wrong so flagrant as this record discloses were beyond the reach of remedial justice.

*Affirmed.*