## TAYLOR vs. WILKINSON.

JUSTICE'S COURT—CERTIORARI.—*Loss of jurisdiction by defective entry of adjournment—Effect of failure to require security for costs.*—PRACTICE IN CERTIORARI—*Effect of errors not specifically assigned.*

1. A justice's court *held* not to have lost jurisdiction of a cause by virtue of a docket entry that it was adjourned to a certain day "at ten o'clock A. P.," instead of "A. M." If the hour had been specified merely as "ten o'clock," this would be held to mean ten o'clock A. M.

2. A justice's judgment will not be reversed on *certiorari* because there is no docket entry showing security for costs filed, although an order appeared requiring it to be filed. A neglect to require such security is not a jurisdictional defect.

3. *Quære* (1.) Whether the last named objection could be taken in this court on appeal, if not made at the circuit. (2.) Whether it could be taken under a general clause in the petition for the writ, alleging "other errors and irregularities."

APPEAL from the Circuit Court for *Sauk* County.

*Wilkinson* brought suit against *Taylor* in a justice's court in said county, and recovered a judgment for $80; and *Taylor* sued out a *certiorari* to the circuit court, alleging that after issue joined the cause was adjourned on his motion to the 11th of October; that the entry of adjournment in the docket was, " On motion of defendant, cause adjourned until October 11th, 1866, at 10 o'clock A. P., at my office,"

etc.; that said defendant did not appear on that day, because he did not know to what part of the day the cause was adjourned; and that on the day of the adjournment the justice altered said docket so as to make it read "10 o'clock A. M.," etc. The errors specifically assigned are, that there was no definite hour of the day mentioned in the entry of adjournment, and that the justice had no right to alter said entry; and there is added the general assignment of "further errors, irregularities and informalities apparent on the face of said proceedings." The certificate of the justice accompanying his return sustained the allegations of the plaintiff in error as to the original docket entry of the time of adjournment, and the change subsequently made; but stated that he actually adjourned the cause to 10 o'clock A. M. of the day mentioned, and so announced orally at the time. It appeared also from the return, that an order was entered on the docket, before the adjournment, requiring *Wilkinson* to file security for the costs on or before the day to which the cause was adjourned; but it did not appear either that *Wilkinson* was a non-resident, or that he actually filed such security.

The circuit court affirmed the judgment of the justice; and *Taylor* appealed.

*W. H. Clark*, for appellant, to the point that the justice lost jurisdiction by reason of the defective entry, cited *Roberts v. Warren*, 3 Wis., 736; *Brown v. Kellogg*, 17 id., 476. To the point that he had no authority to change the entry subsequently, he cited *Mahr v. Young*, 13 Wis., 636. 3. The plaintiff below having failed to furnish security for costs, the case should have been dismissed. R. S., chap. 120, sec. 12. The statute is not directory merely, but mandatory; and the rendering of the judgment was an error, for which it will be reversed. *Conrad v. Cole*, 15 Wis., 546; *Combs v. Dunlap*, 19 id., 591–3; 1 Scam., 152; 1 Hill, 512, 130; 17 Wend., 517.

*N. W. Wheeler* and *C. C. Remington*, for respondent, contended that the provision of statute in reference to the justice's entry of the time and place of adjournment is merely directory, citing *Hall v. Tuttle,* 6 Hill, 39; *Sibley v. Howard,* 3 Denio, 72; *Walrod v. Shuler,* 2 N. Y., 134; *Warner v. Hart,* 6 Wis., 464; *Bacon v. Bassett,* 19 id., 45. 2. That in any event, the justice rightfully amended the docket. *Bacon v. Bassett, supra.* 3. That the adjournment to a certain *day* at 10 o'clock, would in law, be an adjournment to 10 o'clock in the day time.

PAINE, J. We think it would be carrying the doctrine of *Roberts v. Warren,* 3 Wis., 736, and *Brown v. Kellogg,* 17 id., 476, one step too far, to hold that the justice lost jurisdiction by the clerical mistake of writing the letter P instead of M. We hold so upon the ground that if the A. P. were stricken out entirely, the time of the adjournment is designated with sufficient certainty. It would then have stood: "Cause adjourned until October 11, 1866, at 10 o'clock," etc. This should be construed at 10 o'clock in the day time, and not 10 o'clock at night, an hour which every body knows is never designated as the time at which to commence the trial of a suit.

Nor should the judgment of the justice be reversed because there is no entry on the docket showing that security for costs was filed, although an order appeared that it should be filed. There is nothing in the record to show that the plaintiff was a non-resident; but even if he was, the neglect to require security for costs is not jurisdictional. *Conrad v. Cole,* 15 Wis., 546. And a common law *certiorari* will only reach jurisdictional defects, such as arise either from an entire want of jurisdiction, or an excess of jurisdiction. *Stokes v. Knarr,* 11 Wis., 389. Here there was no want of jurisdiction, and no excess of jurisdiction; and consequently the objection cannot be reached by this writ.

It is very doubtful, also, whether this question ought to be considered in this court, as it is not specifically assigned as error in the plaintiff's petition; and it was stated by counsel that no such question was raised in the circuit court. It is true that the petition, after specially assigning several errors, contains the general clause usual at the end of all assignments, that there were other errors, irregularities, etc. But it has been held, in some cases, that this would be insufficient to enable the party to make any substantial objection not specifically assigned as error. Certainly it would seem that such new question ought not to be raised for the first time in the appellate court.

But, as in this case we are satisfied that the objection is not such a one as could be reached by common law *certiorari*, we shall not pass upon the question of practice.

*By the Court.*—The judgment of the circuit court is affirmed, with costs.