## Wytheville.

### LEWIS'S ADM'R V. HICKS.

JUNE 16, 1898.

Absent, Cardwell, J.

1. PLEADING—*Assumpsit—Account Verified by Affidavit—Plea must be so Verified—Issue on Plea not Verified—Waiver—Estoppel.*—If a plaintiff in *assumpsit* files with his declaration an account verified by affidavit which is served upon the defendant along with the writ, the case goes to judgment in the office, and this judgment becomes final with the adjournment of the next succeeding term of the court, unless before such adjournment the defendant files a plea in bar, verified by his affidavit. The provision, however, that defendant's plea shall be verified by affidavit is in the interest of the plaintiff, who may waive it, or by his conduct be estopped from asserting it. He cannot insist on it after having taken issue on such plea without objection.
2. PLEADING—*Pleas Required to be Verified by Affidavit—Demurrer to Unverified Plea—Objection to Such Plea after Issue Joined.*—A demurrer to a plea required by statute to be verified by affidavit does not bring to the attention of the court the lack of the affidavit. The affidavit is no part of the plea. The plaintiff should object to the reception of the plea when tendered because not so verified. He cannot make the objection after having taken issue, either of law or fact, on it.

Error to a judgment of the Circuit Court of Brunswick county rendered April 20, 1897, in an action of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Affirmed.*

The opinion states the case.

*E. P. Buford*, for the plaintiff in error.

No counsel for the defendant in error.

KEITH, P., delivered the opinion of the court.

N. C. Lewis, administrator of John H. Lewis, deceased, on the 21st of December, 1896, brought an action of *assumpsit* in the Circuit Court of Brunswick county upon an account filed with the declaration, claiming $654.09, with interest thereon from January 1, 1880. A copy of the account, verified by the affidavit of the plaintiff, was duly served upon the defendant. At the ensuing term of the Circuit Court, held on the 12th day of January, 1897, the following order was entered:

" N. C. Lewis

    v.

D. S. Hicks.

*In Case.*

" This day came the parties by their attorneys, and the defendant having pleaded the statute of limitations to the debt in the declaration mentioned, and issue being joined upon this plea, on motion of the plaintiff, this cause is continued.

" Ordered, that the court be adjourned till the first day of the next term."

At a circuit court held for Brunswick county on the 17th of April, 1897, the following order was entered:

" N. C. Lewis, Adm'r, with the will annexed of John H. Lewis, deceased,

    v.

D. S. Hicks.

*In Case.*

" This day came the plaintiff, N. C. Lewis, administrator of John H. Lewis, deceased, and moved the court to enter judgment in his favor for the amount claimed in his declaration on

the ground that there was no entry of record showing that any plea was filed or any issue joined on any plea in this cause at the last term of this court."

The order of the last term here referred to has already been quoted, and it appearing from the testimony of the clerk that there was no other case on the common-law side of the court in which N. C. Lewis was plaintiff and D. S. Hicks was defendant, that the order first referred to was entered by him as the order of the court in this cause, and that he had omitted the words " administrator with the will annexed " in the caption by inadvertence, the court overruled the motion of the plaintiff.

At a subsequent day of the term the plaintiff moved the court to direct the clerk to enter up a judgment at rules for the sum claimed by him, which motion being overruled, he then asked leave to be permitted to withdraw his joinder on the plea of the statute of limitations, which the court also denied, and a jury being sworn to try the issue joined, returned into court with the following verdict: " We, the jury, on the issue submitted, find for the defendant." The plaintiff then moved the court to set aside the verdict on the ground that it was contrary to the law and the evidence, and also to enter up a judgment as of this term in his favor, notwithstanding the verdict and other proceedings, both of which motions were overruled, and the court entered judgment upon the verdict.

The plaintiff excepted to the several rulings of the court above recited, and a writ of error having been awarded him, the case is before us for decision.

Where the plaintiff files with the declaration in *assumpsit* an account verified by his affidavit, which is served upon the defendant along with the writ, the case goes to judgment in the office unless the defendant shall, during the term, file a plea in bar to the action, verified by his affidavit, and this judgment becomes final with the expiration of the term. In this case, however, the defendant pleaded the statute of limitations. It

appears to have been done in an informal manner, counsel for defendant, doubtless, directing the clerk to enter the plea, and the clerk failing in his entry to put the plea into proper form. Had that plea been objected to at the proper time it would have been the duty of the court either to reject it, or to require the defendant to present it in writing in proper form, and verified by affidavit. Instead of pursuing this course, however, the plaintiff took issue upon the plea. As he avers in his subsequent motion to the court, his purpose was misapprehended by the clerk, he intending to demur; but this view in no respect helps his case, for the demurrer admits the filing of the plea as fully as joinder of issue would do. The demurrer would not, any more than the joinder of issue, have brought the plea to the attention of the court, and require its rejection for lack of the affidavit. The affidavit is no part of the plea any more than the account is a part of the declaration. The statute, having provided that the plaintiff might verify his account by affidavit, and have his case placed upon the office judgment docket, requires of the defendant that his defence shall be presented by a plea verified by an act of equal solemnity, and that it shall not be received unless accompanied by an affidavit, but this requirement of the statute was manifestly imposed for the benefit of the plaintiff, and may be waived by him either expressly or by implication, or he may by his conduct be estopped to take advantage of it. When, therefore, the clerk, by direction of the defendant, pleaded the statute of limitations, however informally, and the plaintiff took issue, either of law or fact upon it, the plea was rightly considered as filed, and operated to set aside the office judgment. The case went properly upon the issue docket, and was continued, as the record shows, until the next term.

The plaintiff has filed nine bills of exceptions to the ruling of the court, but all of them present, in varying forms, objections to the plea, to the affidavit, to the refusal of the court to make final the office judgment of the January term, and to its

refusal to enter judgment *non obstante veredicto* at the April term, and all of them have been sufficiently discussed in what has been said.

There is in truth no merit in the plaintiff's case in whatever aspect it may be viewed. An open account, more than fifteen years old when the suit was brought, barred by every statute of limitations applicable to unsealed instruments, and equally barred as a stale demand, is sued upon without any explanation of, or excuse for, the long delay. Upon such a case the plaintiff must have expected a recovery only through the triumph of technical law over substantial justice.

We are of opinion that the plaintiff is, by his conduct, precluded from availing himself of such irregularities in practice as are disclosed in this record and that the Circuit Court committed no reversible error to his prejudice. Its judgment is therefore affirmed.

*Affirmed.*