## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### SPENCER'S ADM'R v. FIELD & GRAY.

#### MARCH 30, 1899.

1. ASSUMPSIT—*Affidavit with Plea—Waiver—Presumption.*—If the plaintiff in *assumpsit* file with his declaration the affidavit required by section 3286 of the Code, no plea in bar can be filed by the defendant which is not accompanied by the affidavit required of the defendant by said section, unless such affidavit has been waived; and although pleas in bar have been filed unaccompanied by such affidavit, without objection on the part of the plaintiff, yet if withdrawn and new pleas are tendered by the defendant, the plaintiff may insist on the lack of an affidavit as a valid objection to such new pleas. In the case at bar there has been no waiver by the plaintiff of the defendant's affidavit, and the record being silent as to such affidavit, there is no presumption that any such was filed.

Error to a judgment of the Circuit Court of Culpeper county, rendered March 15, 1898, in an action of *assumpsit*, wherein the plaintiff in error was the plaintiff, and the defendants in error were the defendants.

*Reversed.*

Bills of Exception No. 1 and No. 2 were as follows:

*Bill of Exception No. 1.*

" Be it remembered, that after this case was called, and before the jury was sworn, the defendants moved the court to withdraw the several pleas of *non-assumpsit* which they had filed separately, and which was accordingly done; and thereupon

moved the court to permit them to file the general issue of *non-assumpsit* in the name of defendants jointly, and thereupon tendered the said plea, which is in the words following, to-wit:

" 'And for a plea in their behalf, they say they did not assume in manner and form as the plaintiff in his declaration hath alleged, and of this they put themselves upon the country.' To the filing of which the plaintiff objected, but the court over-ruled the said objection, and permitted the same to be filed; and thereupon plaintiff excepted and tendered this his bill of exception, which is signed, sealed and made a part of the record."

### Bill of Exception No. 2.

" Be it remembered, that after this case was called and the plea of *non-assumpsit* had been permitted to be filed as set out in bill of exception No. 1, the defendants tendered to the court, the plea of the statute of limitations, which is in the words following, to-wit:

" 'And for a further plea in their behalf, the said defendants come and defend the wrong and injury aforesaid, and say that they did not assume in manner and form as the plaintiff has alleged in his declaration, within five years before the issuing of the writ in this case, and of this the defendants put themselves upon the country.' To the filing of which plea the plaintiff objected, but the court overruled the said objection, and permitted the said plea to be filed, to which action of the court in permitting the said plea to be filed, the plaintiff excepted, and tendered this his bill of exceptions, which is signed, sealed and made a part of the record."

The opinion states the case.

*Hay & Jeffries* and *J. R. Gordon,* for the plaintiff in error.

*Field & Gray,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The plaintiff in error instituted his action of *assumpsit* in the Circuit Court of Albemarle county to the second January Rules, 1897. At the following February term of the court, upon motion of Field, one of the defendants, the writ as to him was quashed, and the cause remanded to rules for new process. Upon motion of Gray, the other defendant, the office judgment was set aside and the plea of *non-assumpsit* filed, upon which issue was joined, leave given him to file additional pleas, and the cause continued. At the May term of the court, upon motion of Field, the office judgment entered against him since the last term of the court was set aside, and the plea of *non-assumpsit* filed, upon which issue was joined. At the October term of the court, by consent of parties, the cause was removed to the Circuit Court of Culpeper county for trial. At the March term, 1898, the defendants by leave of the court withdrew their several pleas theretofore filed, and tendered joint pleas of *non-assumpsit* and *non-assumpsit* within five years, to the reception of which the plaintiff objected, but the court overruled his objection, and permitted the pleas to be filed. This action of the court was excepted to, and is assigned as error.

By section 3286 of the Code, it is provided that: " In an action of *assumpsit* on a contract, express or implied, for the payment of money (except where the process to answer the action has been served by publication), if the plaintiff file with his declaration an affidavit made by himself or his agent, stating therein, to the best of the affiant's belief the amount of the plaintiff's claim, that such amount is justly due, and the time from which the plaintiff claims interest, no plea in bar shall be received in the case, either at rules or in court, unless the defendant file with his plea the affidavit of himself or his agent, that the plaintiff is not entitled, as the affiant verily believes, to recover anything from the defendant on such claim, or stating a sum certain less

than that set forth in the affidavit filed by the plaintiff, which, as the affiant verily believes, is all that the plaintiff is entitled to recover from the defendant on such claim."

The plaintiff filed with his declaration, which contained the common counts in *assumpsit,* his own affidavit in which he stated to the best of his belief the amount of his claim, the time from which it bore interest, and that it was justly due. This rendered it necessary for the defendants to file with the pleas offered by them the affidavit required by the statute. Without the affidavit, unless it was waived by the plaintiff, the court had no right to receive the pleas. To do so was in plain violation of the express provisions of the statute. There is no such affidavit in the record, nor is there any presumption that it was filed with the pleas, as the defendants insist. The affidavit filed with the declaration is in the record. If there had been affidavits filed with the pleas the presumption is that they too would be in the record, as the filing of the pleas was objected to, and bills of exception taken at the time in which the pleas are set out. Neither does the record show, as is contended, that the filing of the affidavits was waived. Notwithstanding the express provision of the statute that no plea in a case like this can be received by the court unless accompanied by affidavit, the plaintiff had the right to waive it; the requirement of the statute being solely for the benefit of plaintiffs, and in order to prevent them from being delayed in their suits by dilatory pleas. *Lewis* v. *Hicks,* 96 Va. 91; *Graham* v. *Ingleby, &c.,* 1 W. H. & G., 651.

It is true that the defendants filed their several pleas without affidavits whilst the cause was pending in the Circuit Court of Albemarle county, and that the plaintiff replied to these pleas without objection. If the case had been tried on those pleas, the plaintiff would be held to have waived the affidavits. *Lewis* v. *Hicks, supra.* But those pleas were withdrawn by leave of the court, and new pleas offered. These new pleas were subject to all proper objections, and the plaintiff's right to object to them

was not waived nor lost because he had permitted similar pleas to be filed without objection; nor by his filing a replication to the joint pleas after his objection to them had been overruled.

The remaining assignment of error is that upon the trial of the cause the court, upon the motion of the defendants, excluded certain evidence set out in bill of exceptions No. 3 from the consideration of the jury, because it did not prove or tend to prove a liability on the defendants within the issue raised by the plaintiff's general replication to the defendants' plea of the statute of limitation, no notice of any new promise in writing, or any other state of facts being set up by way of special replication to the defendants' plea. It is unnecessary to consider this assignment of error further than to say that as the judgment complained of will have to be reversed and set aside on account of the error of the court in receiving the defendants' pleas, and the cause remanded to the Circuit Court for further proceedings, the question involved in this assignment of error is not likely to arise again, since the parties, both plaintiff and defendants, will have the right to file such proper pleadings as they may be advised are necessary for the assertion and protection of their rights.

*Reversed.*