# 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

## PRICE v. MARKS.

### September 15, 1904.

1. ASSUMPSIT—*Affidavit with Declaration—Pleas Not Verified—Judgment by Default.*—Where a plaintiff in assumpsit has filed with his declaration the affidavit required by section 3286 of the Code, no plea in bar can be filed by the defendant which is not accompanied by the affidavit required of the defendant by said section, unless such affidavit has been waived. If no such plea be filed, the case should be placed by the Clerk on the office judgment docket for the next term after the case is matured, to become final along with other office judgments. If, through error, the case is placed on the writ of inquiry docket, and unsworn pleas be filed, and the case continued to another term, and the plaintiff then moves to strike the pleas out because not sworn to, and the trial court overrules the motion and compels a trial on the pleas, which results in a verdict and judgment for the defendant, this court will, on a writ of error awarded to the plaintiff, set aside the verdict and judgment, strike out the pleas, and enter final judgment for the plaintiff.

2. PLEADING—*Depositions—Waiver.*—The mere taking of depositions in a cause which has not been set for hearing, cannot be considered as a waiver of any rights parties may have on mere questions of pleading.

Error to a judgment of the Circuit Court of the city of Roanoke, rendered in an action of assumpsit wherein the plaintiff in error was the plaintiff, and the defendant in error was the defendant.

*Reversed.*

The opinion states the case.

*Smith & King* and *Wm. Gordon Robertson,* for the plaintiff in error.

*Thomas M. Wood* and *Robertson, Hall & Woods,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

The plaintiff in error, Joseph Price, instituted this action of assumpsit against the defendant in error, Mrs. F. M. Marks, in the Circuit Court of the city of Roanoke, upon an open account, to which an affidavit was appended, in accordance with section 3286 of the Code of Virginia; the account due and payable, as it would seem, December 24, 1899, being for charges for surgical operations performed by the plaintiff in error upon the defendant in error, and for board and nursing. The declaration was filed at the second March rules, 1903, and the "Common Order" entered thereon. At the first April rules, 1903, the "Common Order" was noted on the declaration as confirmed, but instead of placing the case on the office judgment docket it was by the clerk placed on the issue docket for the succeeding term of the court, and a writ of inquiry noted. On the first day of the succeeding term, beginning April 14, 1903, the defendant filed two pleas, one of them being the general issue, the other the plea of the statute of limitations. No order was entered, except an order noting the filing of said pleas, at that term of the court, and without an order of continuance the case went over to the October term of the court. Neither of these pleas contained the affidavit required by section 3286 of the Code, *supra,* and, at the October term, the plaintiff moved the court to strike out the pleas filed by the defendant at the preceding April term, and to enter such judgment as should have

been entered had said pleas not been filed, upon the ground that the pleas were not sworn to as required by the statute. This motion was overruled, and the case continued until the January, 1904, term of the court. At that term the plaintiff again moved the court, before the jury was impaneled, to strike out the pleas, and enter such judgment as should have been entered had the pleas not been filed, which motion the court overruled, and thereupon the jury was impaneled, and, after hearing the evidence and instructions of the court, found a verdict in favor of the defendant. The plaintiff moved the court in arrest of the judgment on the ground that the pleas filed by the defendant, without the affidavit required, were nullities, and that there were no proper issues in the case; and also moved the court to set aside the verdict and grant a new trial, because the verdict was contrary to the law and the evidence, etc.; all of which motions were overruled, and judgment entered for the defendant. The plaintiff having excepted to the several rulings of the court above referred to, and a writ of error having been awarded him, the case is before us for decision.

In the view that we take of the case, it is only necessary to consider whether or not the trial court erred in overruling the motion of the plaintiff at the October term, 1903, to strike out the pleas filed at the April term, 1903, of the court, and renewed at the following term at which the case was called, to-wit, January, 1904, upon the ground that the pleas were not sworn to, as required by statute.

In *Spencer* v. *Field*, 97 Va. 38, 33 S. E. 380, it is held, that if the plaintiff in assumpsit filed with his declaration the affidavit required by section 3286 of the Code, no plea in bar could be filed by the defendant which was not accompanied by the affidavit required of the defendant by said section, unless such affidavit had been waived. Without the affidavit, unless it was waived by the plaintiff, the court had no right to receive the

pleas. To do so was in plain violation of the express provisions of the statute. The familiar provisions of section 3286 of the Code are, that when, in an action of assumpsit for money, (except where the process is served by publication) an affidavit is filed with the declaration, stating that the amount claimed is justly due, and the time from which interest is claimed, no plea in bar shall be received, either at rules or in court, unless accompanied by an affidavit in support thereof; and that "if such plea and affidavit be not filed by the defendant, there shall be no inquiry of damages, but judgment shall be for the plaintiff for the amount claimed in the affidavit filed with the declaration."

After going somewhat into the history of this statute and the purpose had in view by the enactment, Lewis, P., in *Griggs, &c.* v. *Dalsheimer, &c.*, 88 Va. 508, 13 S. E. 993, says: "It will be observed that the provision is express, that no plea shall be received, unless accompanied by an affidavit; so that without the requisite affidavit such a plea is, in legal effect, a nullity." In that case a plea had been filed at rules, not accompanied by the required affidavit, and this court held that it was rightly stricken out by the trial court upon the motion of the plaintiff, made at the third term of the court next succeeding the rules to which the suit was brought, to which term the case had been continued, and that the case stood as though such a plea had not been filed.

In this case, the plaintiff having complied with the provision of the statute by filing with his declaration an account upon which the action was brought, accompanied by the requisite affidavit, he stood secure in his right to a judgment for the amount of the account until the defendant filed a plea in bar to the action, verified by her affidavit, as also required by the statute, which plea in bar could only be filed during the succeeding term following the rules to which the action was

brought; and such a plea not having been filed judgment should have been entered for the plaintiff to become final with the expiration of the term, unless, as was said by Keith, P., in *Lewis* v. *Hicks*, 96 Va. 91, 30 S. E. 466, the plaintiff has waived, either expressly or by implication, the requirement that the plea be accompanied by affidavit, or by his conduct should be estopped. to take advantage of the fact that no such affidavit accompanied the plea. The opinion in that case, says, "this requirement of the statute was manifestly imposed for the benefit of the plaintiff, but may be waived either expressly or by implication, or the plaintiff may be estopped by his conduct to take advantage of it."

Has the plaintiff waived the benefit of the statute, or has his conduct been such that he should be estopped to take advantage of it? We think not. There is nothing whatever in the record to show that he, either expressly or by implication, waived its benefit, nor that he had been guilty of any conduct which misled the defendant into relying upon a waiver of its requirements.

The mere fact that the clerk, instead of putting the case upon the office judgment docket, placed it upon the issue docket to be called at the succeeding term to the rules at which the action was brought, and annexed thereto the letters "W. E.," (which mean "Writ of Enquiry") does not relieve the defendant of the requirement of the statute that her pleas should be accompanied by the requisite affidavit. In other words, this misprision of the clerk could not deprive the plaintiff of his right to a judgment for the amount of the account sued on.

Seeing that the plaintiff had complied with the requirements of the statute and was entitled, as the case stood at the beginning of the April term, 1903, to a judgment for the amount of the account sued on, it was for the defendant to comply with the requirements of the statute also, if she desired to make defense to the action, and, having failed to do so and thereby

lost her right to make defense thereto, the fault cannot be laid at the door of the plaintiff.

It is contended, however, in this case, that the taking of depositions, which were filed in the clerk's office during the April term of the court, 1903, is to be considered as an acquiescence on the part of the plaintiff in the pleadings; but since these depositions were actually taken before the term of the court began (which is often the case, and done in anticipation of any action that may be taken by the other party to the cause) there is no merit whatever in this contention. The mere taking of depositions when a case has not been set for hearing cannot be considered as a waiver of any rights parties may have on mere questions of pleadings. Whether the depositions referred to were filed in the clerk's office by the notary who took them, or by whom they were filed, does not appear, and certainly no presumption can arise merely from their being filed, no matter by whom, that the plaintiff waived the right to object to pleas that might be tendered by the defendant, or had been improperly filed.

We are of opinion that the Circuit Court erred in overruling the motions of the plaintiff to strike out the pleas filed by the defendant, and in not entering judgment for the plaintiff for the amount of the account sued on.

Having taken this view of the case, it is unnecessary to discuss other questions raised.

The judgment of the Circuit Court will be reversed and annulled, the pleas filed by the defendant stricken out, the verdict of the jury set aside, and this court will enter such judgment as the Circuit Court should have entered, which will be for the amount of plaintiff's account sued on, with interest and costs.

*Reversed.*