# CHARLESTON

BRADLEY *v.* LONG.

Submitted March 9, 1905.    Decided April 25, 1905.

1. OFFICE JUDGMENT—*When Final—Case Cited and Approved.*

Under section 46, chapter 125, Code of 1899, an office judgment in an action on contract where there is no order for inquiry of damages, becomes final, so as to bar a defense, on the last day of the next term of a circuit court after the entry of such office judgment. *Marstiller* v. *Ward*, 52 W. Va. 74. (p. 601.)

2. OFFICE JUDGMENT—*What Will Not Prevent—Practice.*

Where the defendant, in an action of debt, appears at the next succeeding term of the circuit court after office judgment has been entered in the clerk's office, and suggests the non-residence of the plaintiff and takes a rule against him for security for costs, but does not demur, plead or otherwise make defense to the action at that term, and the office judgment is not set aside, these facts do not prevent the office judgment from becoming final on the last day of that term. (p. 601.)

3. OFFICE JUDGMENT—*Action of Clerk Void—Knowledge Imputed to Defendant.*

Where, in an action of debt, on promissory note, the clerk of the circuit court enters an office judgment and adds thereto an order for inquiry of damages, such order for inquiry of damages is void, and knowledge of its void character is imputed to the defendant. (p. 600.)

Error to Circuit Court, Summers County.

Action by P. Bradley against S. S. Long    Judgment for defendant, and plaintiff brings error.

*Reversed.*

JOHN W. ARBUCKLE, for plaintiff in error.

T. N. READ, for defendant in error.

. Cox, JUDGE:

This is an action of debt from the circuit court of Summers county, on a negotiable note made by S. S. Long, dated the 28th day of November, 1890, payable six months after date to J. M. Orcutt, calling for $125.00, endorsed by Orcutt to plaintiff Bradley. Process was issued on the 29th of March, 1895, returnable to April rules, following. At April rules, plaintiff's declaration was filed and conditional

judgment entered by the clerk. At May rules, following, the clerk entered an office judgment and added thereto an order for inquiry of damages. At May term, 1895, of the circuit court there was no appearance or order except that the defendant suggested the non-residence of the plaintiff and took a rule against him for security for costs. At August term following, defendant demurred to the declaration, which demurrer was overruled and defendant plead payment. At January term, 1901, defendant by leave, withdrew his plea of payment and tendered the plea of *nil debet* and two special pleas in writing, to the filing of which plaintiff objected, which objections were overruled and the pleas filed. In term on the 12th day of May, 1903, plaintiff moved the court to strike from the record the said special pleas permitted to be filed at January term, 1901, and all other pleas permitted to be filed after the common order was confirmed at May rules, 1895, and to enter judgment for the plaintiff, which motion the court overruled and plaintiff excepted. This ruling of the court is assigned as error and raises the question whether or not the office judgment entered in the clerk's office at May rules, 1895, became final on the last day of the May term of the circuit court, 1895. Defendant says not, because the clerk, in addition to the entry of office judgment, made an order for inquiry of damages, upon which defendant had the right to rely until the same was corrected in term. The addition of an order for inquiry of damages by the clerk was a mere nullity and wholly void, and the defendant is charged with knowledge of its void character and cannot rely upon it as a matter of surprise to him. It is the duty of the clerk, in entering an office judgment, simply to enter the sentence of the law upon the facts appearing.

The defendant claims that his appearance and suggestion of the non-residence of the plaintiff, and the taking of the rule for security for costs against him, prevented the finality of the office judgment on the last day of the succeeding term. While defendant appeared for the purposes mentioned, he did not further appear to the action at that term, and demur, plead or otherwise make defense. He had a perfect right to demur or plead at that term, but did not do so. He did nothing to prevent the operation of the statute rendering the office judgment final on the last day of that term. The office judg-

ment was not set aside. The language of the statute, section 46, chapter 125 of the Code, is: "Every judgment entered in the clerk's office in a case wherein there is no order for an inquiry of damages, and every non-suit or dismission entered therein, shall, if not previously set aside, become a final judgment on the last day of the next succeeding term of the court wherein the action is pending." The suggestion of non-residence and the taking of a rule for security for costs, did not avail to prevent the operation of the statute as to the finality of the office judgment. "The fact that security for cost was not given when required by statute, or order of court, does not invalidate the judgment." 11 Cyc. 189. See also *Alford* v. *Jacobson*, 46 Wis. 574; *Taylor* v. *Wilkinson*, 22 Wis. 40.

The finality of the office judgment not being in any way prevented, this case is governed by the case of *Marstiller* v. *Ward*, 52 W. Va. 74, and the principles there announced. The first point of the syllabus of that case, is: "Under section 46, chapter 125, Code of 1899, an office judgment in an action on contract, where there is no order for inquiry of damages, becomes final, so as to bar a defense, on the last day of the next term of the circuit court, after the entry of such office judgment." See also *Hutton* v. *Holt*, 52 W. Va. 672, and *Quesenberry* v. *Peoples Building L. & S. Ass'n.*, 44 W. Va. 512. This law is conclusive of the question involved here. The lower court should have sustained the motion of the plaintiff to strike out all the pleas filed by the defendant, because the office judgment became final on the last day of the May term, 1895. Instead of doing so, a trial by jury was had, a verdict for defendant rendered, a motion to set it aside overruled, and a judgment was entered for defendant.

Under another clause of section 46, chapter 125 of the Code, if the plaintiff has not filed the affidavit therein referred to, with his declaration, and the office judgment be not set aside, the judgment shall not be entered by the court until the plaintiff files such affidavit or proves his case in open court. The note sued on was offered in evidence to the jury in open court to prove plaintiff's case, and the note did prove plaintiff's case, no pleas being admissible to contradict the note or put its genuineness in issue. Therefore, the court

should have set aside the verdict of the jury and entered judgment for the plaintiff for the amount of the note sued on, with proper interest.

It is unnecessary to notice any other question raised by the record in this case.

For the reasons stated, the judgment of the circuit court of Summers county entered in this action, is reversed, and the verdict of the jury set aside; and this Court proceeding to enter such judgment as the circuit court should have entered, it is ordered that the motion of the plaintiff to strike out the pleas of the defendant, be sustained, and that the plaintiff do recover from the defendant the amount of the note sued on, with interest.

*Reversed.*