Statement.

---

# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## Gring v. Lake Drummond Canal and Water Co.

### March 10, 1910.

#### Absent, Buchanan and Whittle, JJ.

1. Office Judgments—*When Final—Quarterly Terms of Circuit Courts.* An office judgment entered in the clerk's office of a circuit court becomes final on the adjournment of the next succeeding term of the court, or on the fifteenth day thereof, whichever first happens, unless previously set aside upon a plea in bar filed by the defendant. The fact that the judges of the circuit courts are authorized to designate four of the terms required by law to be held as quarterly terms, at which all civil cases for which juries may be required shall be tried, does not extend the time within which the defendant must have the office judgment against him set aside. The legislature has not changed the statute in this respect as to cases pending in circuit courts, though it has as to cases pending in corporation courts, and the courts cannot, by construction, read into the statutes words that the legislature has not placed there.

2. Office Judgments—*Proceedings After Finality—Waiver.*—All proceedings in an action at law after an office judgment in favor of the plaintiff has become final are a nullity, or should be set aside so as to give the plaintiff the benefit of the final judgment in his favor. The fact that the plaintiff took issue on a plea filed after the office judgment became final, and also asked for a continuance, do not constitute a waiver of the final judgment in his favor.

Error to a judgment of the Circuit Court of Norfolk county in an action of *assumpsit.* Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*James E. Heath,* for the plaintiff in error.

*John W. Happer* and *Frank L. Crocker,* for the defendant in error.

Cardwell, J., delivered the opinion of the court.

The plaintiff, Charles Gring, at the second rules held in the clerk's office of the Circuit Court of Norfolk county on the 3d Monday in December, 1906, brought his action of *assumpsit* against the defendant, the Lake Drummond Canal and Water Company, to recover certain tolls and charges, amounting to $2,058.15, which it, as alleged, had illegally and against his protest during several years next preceding collected from the plaintiff.

The declaration contains the common counts in *assumpsit,* and to it an affidavit was appended, in accordance with section 3286 of the Code, and also an account setting forth the items of the plaintiff's claim. At the rules at which the declaration was filed the common order was duly entered thereon, and at the next rules, which were held on the first Monday in January, 1907, the common order was confirmed. A term of said court was held in January and another in February, 1907, but no pleas were filed in the case until the March term, 1907, which commenced on the 4th day of March, on which day the defendant filed a plea of the general issue, together with an affidavit, pursuant to section 3286 of the Code, to which plea the plaintiff replied generally, and an order was thereupon entered on the same day setting aside the judgment entered at rules with leave to the defendant to file special pleas in writing. On the 13th day of June, 1907, the plaintiff appeared by counsel in open court and moved that the plea of the defendant which had been filed on the 4th day of March, 1907, and a special plea of the statute of limitations be stricken out, and that the order entered setting aside the judgment entered at rules be set aside,

and that judgment in favor of the plaintiff be then entered; which motion the court overruled, upon the ground that as the March, June, October and December terms of the Circuit Court of Norfolk county had been designated as civil terms for the trial of civil cases, the March term, 1907, was the next succeeding term after the office judgment in this cause had been entered; and, therefore, it was not required that said pleas should have been filed on or before the last day of the January, 1907, term of the court, or the fifteenth day thereof if the term lasted so long, and that it was not too late to file them after the expiration of said term; to which ruling the plaintiff excepted, and the exception was duly made a part of the record.

On the 23d day of October, 1907, the plaintiff filed a replication to the plea of the statute of limitations, and on his motion the cause was continued until the fifteenth day of June, 1908, at which time, neither party demanding a jury, the court, upon an agreed statement of facts, proceeded to hear and determine the whole matter of law and fact, with the result that on July 3, 1908, the judgment now under review was entered.

The first assignment of error is to the ruling of the circuit court setting aside the judgment in favor of plaintiff in error, which was entered at the rules held on the last Monday in December, 1906, and which, as is contended, became final on the fifteenth day of the January term, 1907, of said court, or at the expiration thereof, if that occurred before the fifteenth day of the term.

That plaintiff in error was entitled to an office judgment for the amount of his claim sued on at the second rules held in the clerk's office following the filing of his declaration accompanied by the affidavit, etc., required by section 3286 of the Code, to become final on the fifteenth day of the next term of the court or at the expiration thereof, if that occurred before the fifteenth day of the term, unless the defendant filed a plea in bar of the action accompanied by affidavit as required by the same statute,

is the settled law in this State. *Price* v. *Marks,* 103 Va. 18, 48 S. E. 499, and authorities there cited.

Section 3059 of the Code, as amended by an act approved March 15, 1904 (Acts 1904, p. 335), authorizes the judges of the circuit courts to designate four of the terms required by law to be held, to be known as quarterly terms, at which all civil cases for which juries may be required shall be tried; and the contention of defendant in error is that, in view of the changes made in the circuit courts by and under the new Constitution, it is necessary to read section 3287 of the Code as if the word "quarterly" had been inserted therein between the words "next" and "term" in the fourth line of the statute; or that when this statute is construed in the light of other statutes *in pari materia,* it should be read as if the word "quarterly" appeared between the words "next" and "term" in the fourth line thereof; so that in this case, as the January and February terms, 1907, of the court were not *quarterly* terms, the March term following was the first term after the filing of the declaration at which the defendant in error could file a plea in bar of the action. In other words, that the words "next term" in section 3287 means the next term at which the case can be heard, at which the court has jurisdiction to determine the questions involved, which in this case was the March term, 1907.

While it would be entirely within the province of the legislature to amend the statute by inserting therein at the appropriate place the word *quarterly,* it is beyond the power of the courts to make the insertion. The legislature did, by an act approved March 14, 1908 (Acts 1908, p. 601), so amend section 3287, *supra,* as to provide that an office judgment entered at rules held in the clerk's office *of a corporation court* should only become final as of the last day of the next term designated for the trial of civil cases in which juries are required, or on the fifteenth day thereof, whichever shall happen first, but left the statute unchanged with respect to office judgments entered in the office of the clerks of the circuit courts and as to when they

became final. May not the legislature well have thought that in the country the issues in a civil case requiring a jury should be promptly made up in advance of the term of the court at which the case could be tried, so that there would be no delay when that term arrived? At all events, there is nothing in the statute, as originally enacted, or as amended, which throws any light upon any intention of the legislature that the statute should have a meaning other than the plain language employed therein indicates that it should have, and where this is the case the courts cannot, by interpolation of words or construction, take from or add to the literal meaning of the statute, even though it may work inconvenience or there may have been an *omissus* in it. *Johnson* v. *Barham,* 99 Va. 305, 38 S. E. 136; Suth. on Stat. Constr., sec. 261. This view imposes no hardship on defendants in cases like this, for there is nothing therein, or in the statute, to prevent him from pleading at rules or within fifteen days after the beginning of the next term succeeding the rules at which an office judgment is entered against him, although the issues made by his plea or pleas could not be tried until the next term of the court designated for the trial of civil cases in which juries are required.

But, argues defendant in error, even though plaintiff in error's judgment might have become and remained final after the last day of the January term, 1907, of the court, or the fifteenth day of the term, whichever happened first, he has waived his right to claim the benefit of the judgment by replying to the plea of the general issue filed by the defendant in error at the March term, 1907, and by other conduct in the case thereafter.

In this view we do not at all concur. Plaintiff in error had either to reply to the plea of the defendant in error, allowed by the court to be filed at the March term, 1907, or allow it to become a part of the record in the case unchallenged, and even though he did ask a continuance of the case after the court had overruled his motion to strike out the pleas which the defend-

ant in error had been improperly allowed to file, he cannot. be held to have waived any of his rights to the benefit of the final judgment in his favor according to the plain provisions of the statute. Sec. 327 of the Code, *supra.*

"If the term of a circuit court lasts more than fifteen days, all office judgments in which no writ of inquiry is ordered become final judgments on the fifteenth day, and cannot be afterwards set aside by the court.

"When a court authorizes executions to issue upon judgments recovered during the term the judgments become final from the time when execution may issue, and cannot afterwards be set aside by the court.

"A court having set aside an office judgment and the execution which had issued upon it after the fifteenth day of the term, and permitted the defendant to plead, the plaintiff may have a *supersedeas* from this order; and though that part of the order setting aside the judgment is interlocutory, the appellate court will reverse the whole order." *Enders' Executors* v. *Burch,* 15 Gratt. 64.

"It is true that at common law executions issued only upon final judgments. It is also true at common law that 'during the term wherein any judicial act is done the record remains in the breast of the judges of the court and in their remembrance, and therefore the roll is alterable during that term as the judges shall direct; but when that term is past, then the record is in the roll, and admits of no alteration, averment or proof to the contrary.' 3 Tho. Co. Lit. 323, cited in *Enders* v. *Burch,* at p. 66." *Baker* v. *Swineford,* 97 Va. 115, 33 S. E. 543.

See also the following cases decided by the Supreme Court of West Virginia, construing the statute of that State similar to our statute. *State* v. *Corvin,* 51 W. Va. 19, 41 S. E. 211; *Merstiller* v. *Ward,* 52 W. Va. 74, 43 S. E. 178. See also *Bradley* v. *Long,* 57 W. Va. 599, 50 S. E. 746.

By analogy the case of *Battaile* v. *Maryland Hospital Co.,* 76 Va. 63, though a proceeding in equity, is, in its reasoning as

well as conclusions reached, entirely applicable here. It was there held: "A decree that ends the cause is that no further action of the court in the cause is necessary." "All decrees, orders or proceedings in the cause, after the rendition of a final decree, are erroneous, and must be reversed. And so, all decrees, orders and proceedings before a final decree, however erroneous, must stand."

Upon the same reasoning all the proceedings in this case after the office judgment in favor of plaintiff in error became final on the last day of the January term, 1907, of the circuit court, or on the fifteenth day thereof, whichever happened first, were a nullity or should be set aside, so as to entitle him to the benefit of this final judgment in his favor against the defendant in error for the amount of his claim.

For these reasons the judgment of the circuit court will be reversed, and this court will enter the judgment that the circuit court should have entered in favor of plaintiff in error and against the defendant in error for the amount of his claim sued on, together with his costs in this court and in the circuit court.

*Reversed.*