## Wytheville.

### CARPENTER v. GRAY.

June 13, 1912.

Absent, Keith, P.

1. ASSUMPSIT—*Affidavit of Plaintiff—Code, Section 3286—Substantial Compliance.*—Section 3286 of the Code, allowing the plaintiff in *assumpsit*, or his agent, to make affidavit as to the correctness of his claim, and debarring the defendant from any plea unless sworn to, was enacted to prevent the filing of sham pleas merely for delay; and a substantial compliance with its provisions is all that is required. The strict rule applied in construing affidavits in attachment cases in equity, where the jurisdiction of the court is involved, is not to be applied to the affidavit allowed by said section; but, even if it were, it sufficiently appears in the case at bar that the affidavit was made by the plaintiff in the action.

2. ASSUMPSIT—*Code, Section 3286—Defendant's Affidavit—Waiver—Estoppel.*—A plaintiff, in an action of *assumpsit*, may waive, or be estopped from asserting, his right to have judgment entered in his favor for the amount claimed by him in the affidavit filed with his declaration under section 3286 of the Code, although the defendant has failed to comply with the provisions of that section which entitle him to make defense to the claim asserted, and such waiver may be express or implied. Under the facts of the case at bar, however, the plaintiff has neither waived, nor is he estopped from asserting, his right to have judgment entered in his favor.

3. ASSUMPSIT—*Code, Section 3286—Defendant's Affidavit—Waiver—Continuance—Errors of Clerk.*—In opposing a motion for a continuance made by a defendant in *assumpsit*, who has not complied with the provisions of section 3286 of the Code, it is not necessary for the plaintiff's counsel to call defendant's attention to the fact (which a casual observation of the plaintiff's pleading would have disclosed) that there was an account and affidavit filed with the declaration. Neither is it his duty to ask the court to correct the errors of the clerk, either in taking the rules or in placing the case on the wrong docket. The plaintiff is not responsible for such errors of the clerk, and cannot be prejudiced by them.

4. EQUITABLE ESTOPPEL—*Equal Knowledge of Parties.*—Where the facts

relied on as working an equitable estoppel are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel.

5. OFFICE JUDGMENTS—*Erroneously Set Aside—Continuance—Waiver.*— Consenting to or obtaining a continuance of the case after the court, against the objection of the plaintiff, has set aside an office judgment in his favor, and permitting the defendant to plead, cannot be regarded as a waiver of the plaintiff's right to ask the court to re-hear and set aside the order vacating the office judgment, or to insist upon his rights as they existed before the office judgment was set aside.

Error to a judgment of the Circuit Court of Brunswick county in an action of *assumpsit*. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Marvin Smithey, Richard B. Davis,* and *Richard Evelyn Byrd,* for the plaintiff in error.

*George Mason* and *Turnbull & Turnbull,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

J. E. Gray instituted his action of *assumpsit* against W. R. Carpenter, and such proceedings were had in the cause as resulted in a judgment in favor of the plaintiff for the amount claimed by him in his affidavit filed with his declaration in the cause. To that judgment this writ of error was awarded.

The grounds of error assigned may be considered under two heads—first, the sufficiency of the affidavit filed under the provisions of section 3286 of the Code to entitle the plaintiff to the judgment rendered in his favor; and, second, whether, if the affidavit were sufficient, the plaintiff had, by his conduct, waived, or was estopped from relying upon, the provisions of that section.

The facts material to the decision of these questions are, briefly stated, as follows: The plaintiff, in May, 1910, instituted his action, process was issued, and executed upon the defendant,

returnable to the first June rules following, when the plaintiff filed his declaration, account, and affidavit. The rules taken in the case at that time were, "Process Ret. Ex'd. Declaration Filed & C. O." At the next rule day the rules were, "C. O. C. & W. E." At the June term of the court the case was placed upon the writ of inquiry docket, and, upon motion of the defendant, without filing any plea, the cause was continued, over the objections of the plaintiff. On the hearing of the motion to continue, no reference was made to the affidavit, or that the cause should be put upon the office judgment docket. After the adjournment of that term, at the instance of the plaintiff's counsel, the clerk entered an office judgment for the sum sued for, but with interest from January 1, 1910, instead of March 1, 1910, as claimed in the affidavit. At the next term the plaintiff moved the court, under the provisions of section 3451 of the Code, to correct the judgment as to the time from which it should bear interest. Thereupon the defendant moved the court, under section 3293 of the Code, to set aside the said office judgment, upon the ground that the affidavit was not sufficient, under the provisions of section 3286 of the Code, to authorize the entry of an office judgment.

Upon the hearing of these motions, which were considered together, the court being of opinion that the affidavit was not such as was required by section 3286, so as to avoid the necessity of a writ of inquiry, overruled the plaintiff's motion to amend, and set aside the judgment, and, upon the motion of the defendant, gave him leave to file three pleas in bar of the plaintiff's action, accompanied by an affidavit, as required by section 3286 of the Code. To all of which the plaintiff objected and excepted.

Nothing seems to have been done in the cause after the September term until the April term, except to continue the cause. At the last-named term, upon motion of the plaintiff, the action of the court at its September term was re-heard, the clerk of the court was allowed to amend the rules in the cause so as to show that said affidavit was filed with the plaintiff's declaration, and a *nunc pro tunc* judgment was entered in favor of the plaintiff for the amount claimed in the said affidavit.

The affidavit filed with the plaintiff's declaration was in the following words: "I, Edwin C. Smith, a notary public in and

for the county aforesaid, in the State of Virginia, do hereby certify that J. E. Gray this day personally appeared before me, and, after being duly sworn, made oath before me, in my county aforesaid, that the foregoing account against W. R. Carpenter is just, true, and correct, and due to the best of the affiant's belief; and that, to the best of affiant's belief, the amount of his claim against the said W. R. Carpenter is $2,800, and that the said amount is justly due, with interest thereon from the 1st day of March, 1910."

This affidavit, it is claimed by the defendant, is not sufficient to entitle the plaintiff to the benefit of the provisions of section 3286 of the Code. That section, so far as material to the question under consideration, is as follows:

"In 'an action of *assumpsit* on a contract, express or implied, for the payment of money (except where the process to answer the action has been served by publication), if the plaintiff file, with his declaration, an affidavit, made by himself or his agent, stating therein, to the best of the affiant's belief, the amount of the plaintiff's claim, that such amount is justly due, and the time from which the plaintiff claims interest, no plea in bar shall be received in the case, either at rules or in court, unless the defendant file with his plea the affidavit of himself or his agent that the plaintiff is not entitled, as the affiant verily believes, to recover anything from the defendant on such claim, or stating a sum certain less than that set forth in the affidavit filed by the plaintiff, which, as the affiant verily believes, is all that the plaintiff is entitled to recover from the defendant on such claim. If such plea and affidavit be not filed by the defendant, there shall be no inquiry of damages, but judgment shall be for the plaintiff for the amount claimed in the affidavit filed with his declaration."

The objections made to the affidavit are (1) that it does not aver that the affiant was the plaintiff in the action, or his agent; (2) that it is not clear and unambiguous and does not conform to the plain terms of the statute; and (3) that it fails to state the time from which the plaintiff claims interest.

It is insisted that the same strict rule of construction should govern in construing the statute in question as has been applied in construing affidavits in attachment cases in equity, where the courts acquire jurisdiction alone by force of the affidavit. *Taylor*

66

v. *Sutherlin-Meade Co.*, 107 Va. 787, 797, 60 S. E. 132; *Damron & Kelly* v. *Citizens Nat'l Bank*, 112 Va. 544, 72 S. E. 153, 154.

A substantial compliance with the provisions of section 3286 is all that is required. It was passed to remedy the well known evil of filing sham pleas for purposes of delay (*Grigg, &c.* v. *Dalsheimer, &c.*, 88 Va. 508, 510, 13 S. E. 993; *Spencer* v. *Field*, 97 Va. 38, 41, 33 S. E. 380), and imposes no hardship upon the defendant. A substantial compliance with its provisions is all that is or should be required. See *Jackson* v. *Dotson*, 110 Va. 46, 65 S. E. 484, and cases cited.

But, tested even by the strict rule of construction which has been applied in attachment cases, the affidavit is clearly sufficient. It does not, it is true, in express terms, state that the affiant is the plaintiff in the action, but it uses language which plainly shows that he is the plaintiff, and that is sufficient. See *Clinch River Min. Co.* v. *Harrison*, 91 Va. 122, 21 S. E. 660. The plaintiff was J. E. Gray, the affiant was J. E. Gray, and the affidavit states that J. E. Gray made oath "that the foregoing account against W. R. Carpenter is just, true, and correct, and due to the best of affiant's belief, and that, to the best of affiant's belief, the amount of *his* claim against the said W. R. Carpenter is $2,800, and that the said amount is justly due, with interest from the 1st day of March, 1910." The language quoted leaves no room for doubt that the affiant was the plaintiff; that the amount claimed was $2,800; that it was justly due, and that it bore interest from March 1, 1910. The fact that the account filed with the declaration claimed interest from January 1, 1910, does not affect the validity of the affidavit, since the date fixed by the latter was in favor of the defendant, and will control in entering up judgment if no defense be made.

The other error assigned, in substance, is that, even if the affidavit be held sufficient, the plaintiff, by his conduct, has waived, or is estopped from relying upon, the benefit of the provisions of section 3286.

It is well settled that a plaintiff in an action of *assumpsit* may waive, or be estopped form asserting, his right to have judgment entered in his favor for the amount claimed by him in the affidavit filed with his declaration, as provided by section 3286, although

the defendant has failed to comply with the provisions of that section which entitle him to make defense to the claim asserted. See *Lewis* v. *Hicks,* 96 Va. 91, 30 S. E. 466; *Spencer* v. *Field, &c.,* 97 Va. 38, 33 S. E. 480; *Price* v. *Marks,* 103 Va. 18, 48 S. E. 499; *Jackson* v. *Dotson, supra; Pollard & Haw* v. *Am. Stone Co.,* 111 Va. 147, 68 S. E. 266; *Gring* v. *Lake Drummond Co., &c.,* 110 Va. 754, 67 S. E. 360. Such waiver may be made, as was said in *Lewis* v. *Hicks, supra,* either expressly or by implication by the plaintiff, or he may be estopped to take advantage of the defendant's failure to comply with the statute. In that case, the action of the plaintiff in taking issue upon a plea not accompanied by the affidavit required, instead of objecting to the plea, was held to work a waiver or an estoppel.

In *Jackson* v. *Dotson, supra,* the plaintiff was held to have waived his rights to a judgment, as provided by that section, when he not only made no objection to the defendant's plea when tendered without a sufficient affidavit, but assented to, or accepted, without objection, a continuance of the case until the next term, with leave to the defendant to file within fifteen days the grounds of his defense.

*Pollard & Haw* v. *American Stone Co., supra,* is to the same effect, where counsel for the plaintiffs in an action on the office judgment docket, knowing that the case would be contested, requested that a later day in the term be set for its trial, and the court, with the consent of counsel for the defendant, set the case for trial on a day subsequent to the fifteenth day of the term, on which last mentioned day the office judgment would ordinarily become final. In each of these cases the plaintiff expressly or impliedly assented or consented to proceedings in his case which showed that he was not insisting upon the defendant's complying with the terms of the statute in making his defense. In the case under consideration the proceedings in the cause relied on to establish the waiver or estoppel claimed are that there is no endorsement on the back of the declaration showing that the account and affidavit had been filed; that the rule docket does not show that they had been filed, and contained a statement when the common order was confirmed that there was to be a writ of inquiry; that the case was placed upon the issue docket of the court;

that the plaintiff, in opposing the defendant's motion to continue the case, made no claim that an affidavit had been filed with the declaration, or that the case should be placed upon the office judgment docket. It is further claimed by the defendant that the account and affidavit filed with the declaration were so attached to it that the defendant's counsel, in examining the declaration, would not be likely to see them; and that during the June term of the court one of the plaintiff's counsel had a conversation with the deputy clerk, which showed that the plaintiff's counsel were concealing the fact that the account and affidavit had been filed with the declaration.

Without discussing in detail the evidence that the plaintiff's counsel were attempting to conceal the fact that the account and affidavit were filed with the declaration, it is sufficient to say that they were so attached to it (the declaration ending on one page and the account and affidavit being on the succeeding sheet) that both the clerk and the deputy clerk saw them when the declaration was filed and the rules taken upon it; and as to the conversation between the deputy clerk and the plaintiff's counsel, it appears from the deputy's testimony that it was a mere casual conversation, to which he paid no particular attention, and the attorney testified that not a word was said about this case in the conversation referred to by the deputy clerk. Under these circumstances, neither the manner in which the account and affidavit were attached to the declaration when filed nor the conversation of the plaintiff's counsel with the deputy clerk can have any weight in determining the question of waiver or estoppel.

Do the proceedings at rules and in court establish the waiver or estoppel relied on? As we have seen, the declaration, with the account and affidavit, were properly filed at rules by the plaintiff. He did nothing more in the case until the defendant made his motion to continue the cause at the June term. This motion he opposed, but the court overruled his objection and continued the cause. Up to that time it is clear that he had done no act upon which could be predicated a waiver or estoppel, unless it be, as the defendant insists, that in opposing the motion and insisting upon a trial of the cause he did not inform the defendant that an account and affidavit had been filed, and ask that the case should

be placed upon the office judgment docket. It manifestly was not incumbent upon the plaintiff to inform the defendant that there was an account and affidavit filed—a fact which a casual, much less a careful, examination of the plaintiff's pleading (the original of which is before the court) would have shown, and which the plaintiff had the right to assume the defendant knew, and which, in the exercise of ordinary care, he ought to and would have known. Neither was it the duty of the plaintiff, in opposing the motion to continue, to ask the court to correct the errors of the clerk, either in taking the rules in the case or in placing it upon the wrong docket. These were errors of the clerk, for which the plaintiff was in no wise responsible, and which could not deprive him of his rights under section 3286. *Price* v. *Marks,* 103 Va. 18, 21, 48 S. E. 499.

In the case cited it was held that, if, through error, the case be placed on the writ of inquiry docket, and unsworn pleas be filed, and the case continued to another term, and the plaintiff then moves to strike out the pleas because not sworn to, and the trial court overrules the motion and compels a trial on the pleas, which results in a verdict and judgment for the defendant, the verdict and judgment should be set aside, the pleas stricken out, and judgment entered for the plaintiff.

Under the facts disclosed by the record, it cannot be said that the plaintiff intended to waive his right to a judgment under the provisions of section 3286 of the Code. Neither do the facts make out a case of equitable estoppel. Without discussing generally the requisites necessary to constitute such an estoppel, it is sufficient to say that there is one essential element lacking in this case—viz., that the party claiming to have been influenced by the conduct of the other to his injury was himself not only destitute of knowledge of the facts, but was destitute of any convenient and available means of acquiring such knowledge; and that where the facts are known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel. See 2 Am. & Eng. Ency. L. (2d ed.) 434, cited with approval in *C. & O. Ry. Co.* v. *Walker,* 100 Va. 69, 92–3, 40 S. E. 633, 914.

After the circuit court had, at its September term, 1910, set aside the judgment entered in the cause by the clerk during the

preceding vacation, and permitted the defendant to plead, the plaintiff agreed to a continuance at one term of the court, and asked for a continuance at another. These acts of the plaintiff, it is also insisted, were waivers of his right to have judgment under section 3286.

Consenting to or obtaining a continuance of the case, after the circuit court had set aside his office judgment and permitted the defendant to plead, cannot be regarded as a waiver of his right to ask that court to rehear and set aside the orders made by it at the September term, or to insist upon his rights as they existed when the cause was continued over his objection at the June term. *Gring* v. *Lake Drummond, &c. Co., supra.*

Upon the whole case, we are of opinion that there is no error in the judgment complained of to the prejudice of the defendant, and that it must be affirmed.

*Affirmed.*