𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

## DUDLEY V. CARTER RED ASH COLLIERIES COMPANY.

September 17, 1919.

1. ASSUMPSIT—*Verification of Plea—Code of 1904, Section 3286.*—
Plaintiff brought his action of assumpsit against the defend-
ant to recover damages for failure to deliver according to con-
tract certain coal which he had purchased. The case was
regularly matured at the rules, and, at the next succeeding
term, the defendant appeared and pleaded non-assumpsit, and
issue was joined thereon and the case was continued. The plea
was not sworn to, but as this was not an action on a contract
for the payment of money, but a contract to do a collateral
thing, if it was necessary that the plea should have been
sworn to, the plaintiff waived the provision of the statute which
was enacted for his benefit, as he had the right to do. Code
of 1904, section 3286.

2. PLEADING—*Motion to Dismiss—Motion made by Person not a
Party to the Suit—Case at Bar.*—Plaintiff brought his action
of assumpsit against the defendant to recover damages for
failure to deliver according to contract certain coal which he
had purchased of the Domestic Coal Company. The declara-
tion averred that the Domestic Coal Company had, in due form,
changed its name to that of the Carter Red Ash Collieries Com-
pany (defendant), and that the latter company had taken
over the contracts of the Domestic Coal Company, with all li-
abilities on account of the same. It also averred that the de-
fendant was a corporation. There was no demurrer to the
declaration. Defendant appeared and pleaded non-assumpsit.
At the next term of the court, after issue had been thus
joined, an administrator of the estate of one E. R. Carter,
who was not a party to the action, moved that the plea of the
general issue filed by the defendant be withdrawn, which
motion was resisted by the plaintiff, and the court allowed
such plea to be withdrawn, to which ruling of the court the
plaintiff excepted. The administrator then tendered his motion
in writing supported by affidavit, to dismiss the case upon
the grounds that the Carter Red Ash Collieries Company was
not a corporation; that the name of Domestic Coal Company
has never been changed; and that Carter Red Ash Collieries

Company is not the new or changed name of Domestic Coal Company, to the filing of which motion the plaintiff objected which objection was overruled.

*Held:* That the court erred in dismissing the case on this motion by a person not a party to the action.

3. PLEADING—*Defense by Demurrer or Plea—Motion to Dismiss.*— In actions at law where no question is raised as to the validity of the process and the due execution thereof, and the court has jurisdiction of the subject-matter and the parties, defense can only be made by demurrer or plea. A motion cannot be made to dismiss a case because there is no liability on the defendant to the plaintiff.

4. PLEADING—*General Issue—Motion to Dismiss.*—A defense which goes to the foundation of the plaintiff's right of recovery, and denies facts which the plaintiff is obliged to prove in order to maintain his action, amounts to the general issue and hence should be so pleaded and cannot be set up by motion to dismiss the case.

5. PLEADING—*Parties to Action—Plea or Motion by Person not a Party.*—One who is not a party to the suit cannot tender a plea of the general issue or any other plea in the cause, nor can he, indirectly by motion to dismiss, accomplish any such result. Not being before the court he cannot be either re-required or allowed to plead.

6. ASSUMPSIT—*Pleading—General Issue—Motion.* — Matter which amounts to the general issue in assumpsit must be so pleaded and cannot be set up by motion.

7. ASSUMPSIT—*General Issue—Scope of Plea.*—The general issue of non-assumpsit on an unsealed contract is one of the broadest general issues known to our system of pleading, and it is said that anything may be shown under it except tender, bankruptcy, and the act of limitation, and that these defenses are excepted because they do not contest liability, but only that no action can be maintained therefor.

8. CORPORATIONS—*Pleading—Denial of Incorporation—Verification of Plea.*—If a defendant sued as a corporation desires to contest the fact of its incorporation and to throw upon the plaintiff the necessity of proving it, it is necessary, under section 3280, Code of 1904, that with the plea which puts the matter in issue, there should be an affidavit denying such incorporation.

9. CORPORATIONS—*Affidavit Denying Incorporation — Assumpsit — Plea in Writing.*—If an affidavit accompanies a plea of non-assumpsit denying incorporation, it is not necessary that the plea should be in writing.

10. PLEADING—*Withdrawal of Plea—Motion by Person not a Party to the Suit.*—In the instant case the trial court erred in al-

lowing the plea of non-assumpsit filed by the defendant to be withdrawn on the motion of the administrator, who was not a party to the action. The defendant alone, in person or by its attorney, could withdraw its plea.

Error to a judgment of the Circuit Court of Tazewell county in an action of assumpsit. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*R. O. Crockett* and *Jas. S. Kahle,* for the plaintiff in error.

(No appearance for defendant in error.)

BURKS, J., delivered the opinion of the court.

The plaintiff brought his action of assumpsit against the defendant to recover damages for failure to deliver according to contract certain coal which he had purchased of the Domestic Coal Company. The declaration contained the general counts and two special counts. The special counts set out, in varying form, the contract between the plaintiff and the Domestic Coal Company, and averred that the latter company had, in due form, changed its name to that of the Carter Red Ash Collieries Company, and that this company had assumed and taken over all existing contracts of the said Domestic Coal Company, with all liabilities on account of the same, and especially the liabilities of said last-mentioned company to the plaintiff. The special counts then set forth with the necessary particularity the undertakings of the defendant and the breach thereof. There was no demurrer to the declaration. It averred that the defendant was a corporation, and it is not claimed that it does not state a case for recovery if the facts therein alleged were proved. There was filed with the declaration an itemized

statement of the plaintiff's claim against the defendant, supported by his affidavit to its correctness.

[1] The case was regularly matured at the rules, and, at the next succeeding term of the court, the defendant appeared and pleaded non-assumpsit, and issue was joined thereon and the case continued. This plea was not sworn to. This was not an action on a contract for the payment of money, but to do a collateral thing, and, if it was necessary that the plea should have been sworn to, the plaintiff waived the provision of the statute which was enacted for his benefit, as he had the right to do. Code (1904), sec. 3286; *Price* v. *Marks,* 103 Va. 18, 48 S. E. 499; *Lewis* v. *Hicks,* 96 Va. 91, 30 S. E. 466; *Spencer's Adm'r* v. *Fields,* 97 Va. 38, 33 S. E. 380. For discussion and citation of cases, see Burks' Pl. & Pr., sec. 91.

[2] At the next term of the court, after issue had been thus joined, Garland H. Carter, administrator of the estate of E. R. Carter, deceased, by his attorneys, moved the court that the plea of the general issue theretofore filed by the Carter Red Ash Collieries Company be withdrawn, which motion was resisted by the plaintiff, and the court allowed such plea to be withdrawn, to which ruling of the court the plaintiff excepted. Thereupon the plaintiff moved the court to require the Carter Red Ash Collieries Company to again plead, and that the writ of inquiry be executed, which motion was overruled and the plaintiff excepted. Garland R. Carter, administrator of the estate of E. E. Carter, deceased, then tendered his motion in writing, supported by affidavit, to dismiss the case upon the grounds that the Carter Red Ash Collieries Company was not a corporation, stating that the name of Domestic Coal Company has never been changed, and that Carter Red Ash Collieries Company is not the new or changed name of Domestic Coal Company, to the filing of which motion the plaintiff objected, which objection was overruled. The motion was filed and the

plaintiff excepted. The plaintiff then moved the court to strike out such motion, which motion was overruled and the plaintiff excepted, and all matters of law and fact were then submitted to the court for adjudication. Evidence was introduced before the court, and by its final order entered in September, 1918, the said court dismissed the case, to which ruling of the court the plaintiff excepted.

[3-7] The effect of this procedure was to permit a third person, to-wit, Garland R. Carter, administrator of E. E. Carter, deceased, not sued nor in any way a party to the action, to come into the action by motion and deny that the defendant was, or ever had been, a corporation; to deny that the Domestic Coal Corporation had ever changed its name, or that the defendant had ever undertaken or promised as is in the declaration alleged, and to aver that "the said promises and undertakings in the declaration mentioned, if any such were made, were made by the Domestic Coal Company, a corporation," and not by the defendant. Such a procedure is unknown to the common law or to the practice in this State. Not only did Garland R. Carter, administrator, have no right to thus inject himself into litigation of other persons, but the defendant itself could not have made such a motion. In actions at law where no question is raised as to the validity of the process and the due execution thereof, and the court has jurisdiction of the subject matter and the parties, defense can only be made by demurrer or plea. A motion cannot be made to dismiss a case because there is no liability on the defendant to the plaintiff. We have no such practice. The defense sought to be set up by the motion went to the foundation of the plaintiff's right of recovery, and denied facts which the plaintiff was obliged to prove in order to maintain his action. This amounted to the general issue, and hence should have been so pleaded. *Baltimore & O. R. Co.* v. *Polly*, 14 Gratt. (55 Va.) 447; 4 Va. L. Reg. 772; *Catron* v. *Bostic*,

89

123 Va. 355, 96 S. E. 845. But Garland R. Carter, administrator, was not before the court, and could not tender this or any other plea in the cause, nor could he, indirectly by motion, accomplish any such result. He was not before the court, and could not be either required or allowed to plead. Even the defendant, who had been served with process and was before the court, could not have made such defense by motion, but would have been required to plead the general issue of non-assumpsit, because matter which amounts to the general issue must be so pleaded. The general issue of non-assumpsit on an unsealed contract is one of the broadest general issues known to our system of pleading, and it is said that anything may be shown under it except tender, bankruptcy and the act of limitations, and that these defenses are excepted because they do not contest liability, but only that no action can be maintained therefor. *Va. Fire & Marine Ins. Co.* v. *Buck,* 88 Va. 517, 519, 13 S. E. 973; 4 Minor's Inst. 641.

[8, 9] The defendant,. however, was sued as a corporation, and if it desired to contest the fact of its incorporation and to throw upon the plaintiff the necessity of proving it, it was necessary, under section 3280 of the Code (1904) that with the plea which put the matter in issue there should have been an affidavit denying such incorporation. If the affidavit accompanied a plea of non-assumpsit, it was not necessary that the plea should have been in writing. *Moreland* v. *Moreland,* 108 Va. 93, 60 S. E. 730. In the case at bar, an affidavit accompanied the motion, but the motion itself was unavailing.

[10] A further error was committed in allowing the plea of non-assumpsit filed by the defendant to be withdrawn on the motion of Garland R. Carter, administrator of E. E. Carter. The defendant alone, in person or by its attorney, could withdraw its plea. Carter had no power over it. The result of the errors aforesaid was to try an

issue between the plaintiff and a third person whom he had not sued and who was not a party to the suit. A recognition of the validity of such a proceeding would destroy the orderly conduct of judicial proceedings and seriously jeopardize the rights of litigants. The judgment of the circuit court will, therefore, be reversed and annulled, and the cause remanded to that court with directions to set aside all orders and proceedings in the cause subsequent to its order of December 12, 1917, and to proceed to the trial of the case upon the pleadings as they then stood, and such additions thereto as may seem to the court proper to attain the ends of justice between the parties litigant.

*Reversed.*