𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡

A. S. White and Company, Inc., v. Thomas F. Ryan.

November 17, 1921.

1. Limitation of Actions—*Non-Residence—Burden of Proof.*—Plaintiff in attachment proceedings against defendant alleged defendant to be a nonresident, and set up a contract alleging a breach thereof and damages resulting therefrom. Defendant expressly pleaded the statute of limitations. On the trial it appeared that more than three years had elapsed (the statutory period) after the cause of action accrued, and hence, without more, was barred; but plaintiff claimed that defendant was a nonresident during the whole of the period involved.

   *Held:* That the burden of proof was upon the plaintiff to prove the fact of such nonresidence.

2. Limitation of Actions—*Waiver of Plea—Failure to Call Attention of Jury to Plea.*—Where the statute of limitations has been expressly pleaded and relied upon, it is one of the issues involved, and it cannot be inferred that defendant withdrew or waived his plea from the fact that no mention of the statute was made during the trial of the case, no instruction asked on the subject, no mention thereof made in the argument, and the attention of the jury in no way called to the defense, except in so far as the same was relied on in the answer.

Error to a judgment of the Circuit Court of Nelson county in attachment proceedings. Judgment for defendant. Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*Caskie & Caskie,* for the plaintiff in error.

*S. B. Whitehead,* for the defendant in error.

Prentis, J., delivered the opinion of the court.

A. S. White and Company sued out an attachment against Thomas F. Ryan, alleging him to be a nonresident, setting up a contract for the purchase of certain wheat from him, alleging his breach thereof and damages resulting therefrom. Ryan filed his answer to the petition, denying the contract or any liability for damages thereunder, and also alleging that if any liability ever existed it had been long barred by the statute of limitations, which he thereby expressly pleaded and relied upon.

[1, 2] Under Code 1919, section 6382, the parties are deemed to be at issue upon the petition and answer. The case went to trial and there was a verdict for the plaintiff, whereupon Ryan moved to set the verdict aside upon the ground that it was contrary to the law and the evidence, which motion was sustained. The case was tried at a later term of the court, apparently upon the merits, without any reference to the statute of limitations, and there was a verdict and final judgment in favor of the defendant.

The only assignment of error relied upon is that the court erred in setting aside the first verdict upon the ground that the claim was barred by the statute of limitations. The court certifies that no mention of the statute of limitations was made during the trial of the case, that no instruction was asked on the subject, no mention thereof made in the argument before the jury, and that the attention of the jury was not in any way called to this defense, except in so far as the same was relied on in the answer.

The question presented can be answered by a reference to the elemental principle, that he who alleges must prove. The defendant in error having pleaded the statute of limitations, and the evidence clearly showing that the alleged contract was made in August, 1916, whereas this proceeding

was not instituted until March, 1920, it appeared that more than three years had then elapsed after the cause of action accrued, and hence, without more, was barred. The plaintiff here, confessing this, seeks to avoid the result by claiming that the action was not barred because the defendant, Ryan, had been a nonresident of Virginia during the whole of the period involved. Of course, if this is true, the action was not barred, but it inevitably follows that the burden was upon the plaintiff to prove the fact of such non-residence. *Switzer* v. *Noffsinger,* 82 Va. 522; *Miller* v. *McIntyre,* 6 Pet. 61, 8 L. Ed. 320. The statute having been expressly pleaded and relied upon, this was one of the issues involved. The fact that it was not specifically called to the attention of the jury does not change the pleadings, and it cannot be inferred therefrom that the defendant withdrew or waived his plea.

We are referred to the case of *Murdock* v. *Herndon's Executors,* 4 H. & M. (14 Va.) 203, as authority for a contrary view, and as showing that there is a presumption of law after verdict that the jury passed upon all of the issues. It is shown, however, in that case that the statute of limitations was not pleaded, and this of course is a sufficient answer to the contention based thereon and made in this case. If the jury here intended by their finding in favor of the plaintiff to decide that issue in his favor, then their verdict was plainly contrary to the evidence because the fair inference therefrom was that the action was barred. If, on the other hand (as the trial court properly, we think, held), the jury had failed to pass upon this issue only because of the failure of counsel on either side to direct their attention to that issue, then, in either event, the action of the trial court in setting aside the first verdict was not injurious to the plaintiff in error; indeed, it might well have been contended,

under Code 1919, sec. 6251, that in the then state of the pleadings and evidence, the defendant was entitled to a judgment notwithstanding the verdict.

In *Calvert* v. *Bowdoin,* 4 Call (8 Va.) 217, where it was manifest from the evidence that the action was barred by the statute of limitations, the court set aside the verdict because the jury had not passed upon that issue, and being of opinion that the evidence did not support either of the counts in the declaration did not send the case back for a new trial in order to supply the deficiency in the verdict, but reversed the judgment in favor of the plaintiff and entered a nonsuit.

We have no doubt whatever of the correctness of the judgment, and this because it is clear that the burden of showing that the claim was not barred because of the nonresidence of the defendant shifted to the plaintiff so soon as it appeared from the evidence that the cause of action arose more than three years before the proceeding was instituted.

*Affirmed.*